IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-59-1H
No. 5:16-CV-425-H

FELIX A. OKAFOR,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [D.E. #170], petitioner's motion to vacate under 28 U.S.C. § 2255, [D.E. #162]. Petitioner has filed a response, [D.E. #173], and this matter is ripe for adjudication.

### BACKGROUND

On July 11, 2013, petitioner was found guilty by a jury of conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count One); maintaining a dwelling for the purpose of manufacturing and distributing marijuana and heroin, in violation of 21 U.S.C. § 856 (Count Two); distribution of a quantity of marijuana and heroin within 1,000 feet of the real property comprising a public secondary school, in violation of 21 U.S.C. § 860 (Count Three); distribution of a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts Four, Six, Eight, and Ten); possession of a firearm in furtherance of a

drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(C) (Counts Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-One, Twenty-Three, and Twenty-Five); distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts Twelve, Fourteen, Sixteen, Eighteen, Twenty, and Twenty-Two); and possession with the intent to distribute a quantity of heroin and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Twenty-Four).

Following preparation of the Presentence Investigation Report (PSR), the base offense level was calculated to be 32 and following a two-level adjustment pursuant to United States Sentencing Guidelines ("USSG") § 2D1.1(b)(12) and a two-level adjustment pursuant to USSG § 3B1.1(c), the adjusted offense level was calculated to be 36. [D.E. #112 PSR ¶49]. No adjustment for acceptance of responsibility was applied pursuant to petitioner's not guilty plea to all counts and trial by jury, and the total offense level was 36. Petitioner did not make any written objections to the PSR.

At sentencing on April 10, 2014, Petitioner's counsel objected to the drug weight attributed to the petitioner, and the court granted in part and denied in part the objection. The court's decision resulted in a base offense level of 26, and a

2

total offense level of 30. Accordingly, this court sentenced petitioner to 97 months as to Counts One, Two, Three, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two, and Twenty-Four, to run concurrently; 60 months as to Count Five to run consecutively; and 300 months as to Counts Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-One, Twenty-Three, and Twenty-Five, each to run consecutively, for a total term of imprisonment of 3,157 months.

Petitioner timely filed an appeal, and the judgment was affirmed by unpublished written opinion by the Fourth Circuit Court of Appeals on March 2, 2015. [DE #153]. The mandate issued on May 5, 2015. [DE #157]. On February 10, 2016, petitioner filed a motion to reduce his sentence regarding the Drug Quantity Table Amendment pursuant to Standing Order 14-SO-01. [DE #159]. This motion was granted, reducing the term of imprisonment of 97 months to 78 months on each of Counts One, Two, Three, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two, and Twenty-Four, to remain concurrent. [DE #160]. The term of imprisonment for all other counts remained in effect. Id.

Petitioner timely filed this motion to vacate on June 13, 2016, raising nine ineffective assistance of counsel claims that resulted in alleged "constitutional violation of his Fifth, Sixth, Fourteenth Amendment Rights to Due Process." [DE #162-1 at 3].

3

## COURT'S DISCUSSION

### I. Ineffective Assistance of Counsel ("IAC") Standard[1]

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

---

[1] The court notes petitioner's claim regarding counsel's conduct in violation of his due process rights was also precluded by procedural default under Bousley v. United States, 523 U.S. 614, 621 (1998) because the petitioner challenged his sentence on appeal, but did not challenge the issue that he brought in the petition before the court of a violation of his due process rights. In the absence of petitioner showing "cause" for his failure to raise this issue on appeal and "actual prejudice" resulting from the error he alleges, this claim is barred by petitioner's procedural default. Id. at 622. Petitioner's claims will be considered in light of his ineffective assistance of counsel claims.

4

## A. Counsel's Failure to Argue Petitioner's Drug Convictions Violated Double Jeopardy

Petitioner alleges counsel rendered ineffective assistance by failing to argue that the drug convictions were lesser included offenses of Count Three, distributing a quantity of marijuana and a quantity of heroin within 1,000 feet of a school, under 21 U.S.C. § 860, and thus a conviction on Count Three as well as the drug counts was a violation of the Double Jeopardy Clause. [DE #162-1 at 17-20]. "The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'" United States v. Hall, 551 F.3d 257, 266 (4th Cir. 2009) (quoting U.S. Const. amend. V). "This constitutional guarantee has two distinct components, applying 'both to successive punishments and to successive prosecutions for the same criminal offense.'" Hall, 551 at 266 (citing United Sates v. Dixon, 509 U.S. 688, 696 (1993)). "Both of these double jeopardy components serve 'a constitutional policy of finality for the defendant's benefit,' by ensuring against attempts to impose 'more than one punishment for the same offense' or additional punishment after a prior conviction or acquittal." Id. (quoting Brown v. Ohio, 432 U.S. 161, 165-66 (1977)).

However, double jeopardy is not implicated by a determination of guilt and punishment on one count of a multicount indictment and continued prosecution on any remaining counts that are greater

5

or lesser included offenses of the charge just concluded. Ohio v. Johnson, 467 U.S. 493, 501-02 (1984); See also Buchanan v. Angelone, 103 F.3d 344, 349-50 (4th Cir. 1996) (finding "by pleading guilty to the lesser included offenses, the defendant 'has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial.") (quoting Ohio, 467 U.S. at 501).

Double jeopardy was not violated where a defendant was convicted of two similar crimes, a violation of 18 U.S.C. § 924(c) as well as 18 U.S.C. § 13(a), "unlawfully and maliciously shoot[ing] at an occupied vehicle, putting in peril the life of the occupant therein," because "each crime charged contains an element that the other does not." United States v. Terry, 86 F.3d 353, 355-56 (4th Cir. 1996) (quoting Va. Code. Ann. § 18.2-154, assimilated as a federal charge under the Assimilated Crimes Act). Similarly, there was no double jeopardy violation here, as the lesser included offenses were charged as separate counts of a multicount indictment, and 21 U.S.C. § 841 did not require proof of a specific location of distribution of controlled substances, while conviction under 21 U.S.C. § 860(a) required proof of an additional element, distribution within 1,000 feet of school. Thus, counsel did not depart from the standard of care by not

objecting to an alleged violation of double jeopardy, and no violation occurred under Strickland. 466 U.S. at 687-94.

### B. Counsel's Failure To Challenge Sufficiency of Evidence on Count One

Petitioner alleges the evidence was insufficient to convict petitioner of conspiracy as charged in Count One, and counsel rendered ineffective assistance by failing to object. However, counsel moved for dismissal of Count One on the basis of Federal Rule of Criminal Procedure 29. [DE #122-2 at 49-50]. Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and resulting prejudice as required under Strickland. 466 U.S. at 687-94.

### C. Counsel's Failure To Call Witnesses Who "Could Have Supported a Viable Theory of Defense"

Petitioner alleges counsel rendered ineffective assistance by failing to call the Benson Police Chief and a health inspector. Counsel are afforded "wide latitude in determining which witnesses to call as part of their trial strategy." United States v. Dyess, 730 F.3d 354, 364 (4th Cir. 2013) (citing Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). Petitioner has not illustrated how the testimony of those witnesses would have undermined the more substantial testimony regarding the multiple sales of marijuana and heroin that occurred within Petitioner's store [DE #122 at 22-159]. Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and

7

resulting prejudice as required under Strickland. 466 U.S. at 687-94.

D. Counsel's Failure To Challenge "False Testimony"

Petitioner alleges counsel rendered ineffective assistance by failing to challenge allegedly false testimony of witnesses. Petitioner argues law enforcement officers and government counsel provided testimony that conflicted with a newspaper article. However, there was evidence presented that petitioner stated to law enforcement that a substantial quantity of heroin was in Maryland, undermining his allegations that law enforcement and government counsel gave false testimony. Petitioner argues Detective Guseman gave false testimony that petitioner was Nigerian, rather than American. However, the trial record provides that Detective Guseman identified Petitioner as a naturalized American citizen, who was born in Nigeria. [DE #122 at 13]. Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and resulting prejudice as required under Strickland. 466 U.S. at 687-94.

E. Counsel's Failure To Argue That Detective Guseman Was Not Properly Noticed As An Expert on Firearms

Petitioner alleges counsel rendered ineffective assistance by failing to argue that the prosecution did not identify Detective Guseman as an expert on firearms. However, Detective Guseman only gave expert testimony regarding the narcotics trade. That

8

testimony included the detective's discussion of how firearms are used (and were used in petitioner's case) as protection for drug operations. [DE #122 at 64-65]. Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and resulting prejudice as required under Strickland. 466 U.S. at 687-94.

> F. Counsel's Failure To Move for Acquittal of Count Three – Distribution of a Quantity of Marijuana and Heroin Within 1,000 Feet of the Real Property Comprising a Public Secondary School, in Violation of 21 U.S.C. § 860

Petitioner alleges counsel rendered ineffective assistance by failing to move for acquittal on Count Three. Petitioner alleges the evidence was insufficient to establish the sale of drugs within 1,000 feet of a school. However, evidence was presented at trial that the petitioner's store abuts the property of the school, and the distance between the corner of the store and the school building was 781.74 feet. [DE #122 at 16-17]. Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and resulting prejudice as required under Strickland. 466 U.S. at 687-94.

> G. Counsel's Failure To Object to the Jury Instruction for Count Two – Maintaining a Dwelling for the Purpose of Manufacturing and Distributing Marijuana and Heroin, in Violation of 21 U.S.C. § 856

Petitioner alleges counsel rendered ineffective assistance by failing to object to the both the indictment and jury instruction for Count Two, when the evidence was allegedly insufficient to

9

support a conviction. However, evidence was presented at trial that ten controlled drug purchases were conducted at petitioner's store. [DE #122 at 25-26]. This statute provides "it shall be unlawful to knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." 21 U.S.C. § 856(a)(1). The government is not required to prove that the location at issue was maintained "exclusively" for the distribution of drugs, but rather that such distribution was a "specific purpose" of the location. See United States v. Stallworth, 466 F.App'x 218, 222-23 (4th Cir. 2012) (unpublished). Evidence was presented at trial that drug distribution was a specific purpose of the store, and the jury charge reflected this standard of law, negating any objection counsel would make. Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and resulting prejudice as required under Strickland. 466 U.S. at 687-94.

### H. Counsel's Failure To Object to Vouching of Confidential Informant

Petitioner alleges counsel rendered ineffective assistance by failing to object to the alleged vouching and bolstering of the testimony of the confidential informant. The confidential informant conducted ten controlled drug purchases. [DE #122 at 25; 122-1 at 172]. Detective Guseman testified that the

10

confidential informant "ha[d] the gift of gab," and was "trustworthy." [DE #122 at 20-24]. Petitioner also alleges counsel should have objected to statements in closing argument by the government including

> It's a dangerous game and it's very dangerous what [the confidential informant] does. I couldn't do it. I'm guessing everybody here couldn't do it. But you heard from him and his commitment to his father and brother who were kidnapped and presumably killed back in Haiti. His father was a detective, and in honor of him, he took on this role. He's very good at it.

[DE #151 at 423]. "It is impermissible for a prosecutor to vouch for or bolster the testimony of government witnesses in arguments to the jury." United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997) (citing United States v. Lewis, 10 F.3d 1086, 1089 (4th Cir. 1993)). "Vouching occurs when a prosecutor indicates a personal belief in the credibility or honesty of a witness; bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." Id. In determining whether vouching prejudiced a defendant, a court considers: "(1) the degree to which the comments could have misled the jury; (2) whether the comments were isolated or extensive; (3) the strength of proof of guilt absent the inappropriate comments; and (4) whether the comments were deliberately made to divert the jury's attention." Id. Detective Guseman's explained why he selected this particular confidential informant. Petitioner has not shown how the

11

statements of the prosecutor in closing argument indicated a personal belief in the veracity of the confidential informant, and assuming arguendo, there is no prejudice shown to the defendant by the statements of the prosecution, who "reference[d] facts relevant to the jury's assessment of the witness's credibility." United States v. Jones, 471 F.3d 535, 544 (4th Cir. 2006). Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and resulting prejudice as required under Strickland. 466 U.S. at 687-94.

I. Counsel's Failure To Object to Court's Alleged Failure to Group Counts of Conviction when Calculating Advisory Guideline Range

Petitioner alleges counsel rendered ineffective assistance by failing to object to the court's alleged failure to group counts of conviction when calculating advisory guideline range. Petitioner alleges the district court failed to group all the related counts, aggregate the number of weapons involved, and give one enhancement based on the aggregate amount under United States Sentencing Guideline § 3D1.3(b). All drug counts were grouped as part of Count One. [DE #112 at 12]. Thus, petitioner's argument is without merit and does not establish counsel's departure from the standard of care and resulting prejudice as required under Strickland. 466 U.S. at 687-94.

12

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #170], is GRANTED. Petitioner's motion, [DE #162], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 18TH day of December 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35